IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antrell Jermaine Fordham a/k/a Antrell Fordham a/k/a Antrell J. Fordham,<br><br>                  Plaintiff,<br><br>v.<br><br>Dr. Moore, Mrs. L. Mauney, and Mrs. E. Holcomb, *individual and official capacities*,<br><br>                  Defendants. | Civil Action No.2:12-cv-974-MGL-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendants' Motion for Summary Judgment (Dkt. No. 32).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about April 5, 2012. (See Dkt. No. 1.) Plaintiff filed an Amended Complaint on or about July 31, 2012. (See Dkt. No. 30.) On August 3, 2012, Defendants filed a Motion for Summary Judgment. (Dkt. No. 32.) By order filed August 7, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 33.) Plaintiff filed his Response in Opposition to the Motion for Summary Judgment on or about August 13, 2012. (Dkt. No. 35.)

## **PROCEDURAL FACTS**

Plaintiff, who is currently housed at Lieber Correctional Institution, alleges claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that in 2010, he "was approved by Dr. Moore

to get shoes for [Plaintiff's] severe foot deformity from a 1998 bullet wound that left a protruding lump on the left side of [his] foot." (Dkt. No. 1 at 3 of 5.) Plaintiff alleges that his shoes were stolen and that when he requested another pair, Defendant Mauney said "that Dr. Moore changed the policy stopping [Plaintiff] from getting" another pair of shoes from medical. (Id.) Plaintiff alleges that Mauney was deliberately indifferent to his serious medical needs because she was "aware that [Plaintiff] walk[s] with a limp and need[s] extra support on [his] left foot" but that she failed to get "approval from Dr. Moore for [Plaintiff] to be sent to a prosthetic dr. to get the much needed shoes to relieve the pain in [his] foot." (Id.) Plaintiff further alleges that Defendant Holcomb "also showed deliberate indifference by not setting up an appointment from Dr. Moore to get shoes." (Id.)

Plaintiff also asserts that Defendants were deliberately indifferent with respect to his inguinal hernia. (Id.) Plaintiff alleges that he developed an inguinal hernia in 2009 and had surgery to repair it that same year. (Id.) Plaintiff states that during surgery, a "piece of mesh was put inside [him] in [his] groin," and that he thereafter "started having chronic pain and muscle spasms in [his] groin." (Id.) Plaintiff alleges that he went to sick call, where he received ibuprofen and a muscle relaxer. (Id.) Plaintiff further alleges that when he returned to sick call, after the pain began "overriding the ibuprofen," the doctor "requested an appointment for the dr. at headquarters in Columbia S.C.," who told Plaintiff that he would have to go to Image Care to have an MRI done. (Id. at 3-4.) Plaintiff states that "[n]othing showed up on the MRI," and he later went back to sick call "because the ibuprofen ceased relieving the chronic pain in [his] groin." (Id. at 4.) According to Plaintiff, the doctor told him that (a) "some people don't take well to the mesh and that [Plaintiff] was one of them, and (b) Plaintiff "will have . . . chronic pain for life." (Id.) Plaintiff alleges he told the doctor he "would like neurotin better for the chronic pain and baxafen for the muscle spasms." (Id.) Plaintiff alleges this doctor was willing to give Plaintiff those two drugs, but that Dr. Moore

2

disapproved these prescriptions. (Id.) Plaintiff contends Dr. Moore "showed deliberate indifference to [his] serious medical need." (Id.) Plaintiff further states,

> Then I started getting a pill that was cramping my stomach. After several request[s] to Mrs. L. Mauney about this it was stopped. Now I'm not receiving any pain med or muscle relaxer. I wrote to Dr. E. Holcomb a request for pain meds and a muscle relaxer. Nothing is being done. My daily activities are restricted due to the pain.

(Id.)

In the "Relief" section of his Complaint, Plaintiff requests this Court "order Dr. Moore to approve neurotin and baxafen for chronic pain and muscle spasms." (Id. at 5.) Plaintiff also requests the Court order Defendants Mauney and Holcomb "to set an appointment for [Plaintiff] to go to a prosthetic" doctor and order Dr. Moore to approve shoes from this doctor. (Id.) Plaintiff further seeks "to be awarded monetary damages for [his] pain and suffering." (Id.)

In an Amended Complaint, Plaintiff states that he also seeks a permanent injunction and further specifies that he seeks $8,860 in compensatory damages. (Dkt. No. 30 at 1 of 3.) Plaintiff incorporated several exhibits into his Amended Complaint. (Id. at 2.)

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

As noted above, Defendants have moved for summary judgment. (Dkt. No. 32.) The undersigned will consider the arguments in turn.

Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs. In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal citations omitted). To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." Id. It is well-settled that mere negligence does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06; Grayson v. Peed, 195 F.3d 692, 695-96 (4th Cir. 1999); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (holding that "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983).

Defendants attached several affidavits to their Motion for Summary Judgment: the Affidavit of Dr. Moore, the Affidavit of Elizabeth Holcomb, and the Affidavit of Luanne Mauney. (See Dkt. No. 32-2, Dkt. No. 32-3, Dkt. No. 32-4.) Defendants assert that any claim

4

for deliberate indifference "fail[s] as a matter of law because the Defendants have not acted with deliberate indifference." (Dkt. No. 32-1 at 7.) Dr. Moore, who was employed by the South Carolina Department of Corrections ("SCDC") from 2007 until May of 2012, states that he reviewed Plaintiff's Complaint and medical records "specifically for the treatment at issue in the Complaint." (Moore Aff. ¶ 4.) Moore states that SCDC's medical records "show that [Plaintiff] had multiple visits to sick call, doctor's clinic and outside consultations during the time period relevant to the allegations in the Complaint." (Id. ¶ 5.) Moore further states in his Affidavit that Plaintiff "was extensively examined and assessed by SCDC nurses, SCDC physicians and outside medical personnel." (Id.) Moore continues,

> 6. The SCDC medical records show that Inmate Fordham had sesamoiditis of his right foot, which is an inflamation of the sesamoid bone. This is not a serious medical condition. Inmate Fordham was placed on a bottom bunk, ordered to perform only sedentary work, provided with tennis shoes (instead of standard issue boots) at SCDC's expense, and prescribed pain medications. SCDC's care and treatment of this condition was appropriate and complied with the standard of care.
>
> 7. The SCDC medical records show that Plaintiff developed a right inguinal hernia in 2008, which was surgically repaired on January 21, 2009. He continued to complain of pain in the area after surgery, but his subjective complaints were not supported by the objective findings on nursing and medical examinations. He had a general surgery consultation on July 28, 2011, and no complications from the hernia repair were found. He had another general surgery consultation on February 23, 2012. No complications were found, there was no evidence of a recurrent hernia, an MRI was negative and no plans were made to re-explore the area. SCDC's care and treatment of Plaintiff's right inguinal hernia was appropriate and complied with the standard of care.

(Id. ¶¶ 7-8.)

Dr. Moore notes that Plaintiff requested prescriptions for Neurotin and Baclofen "for his subjective complaints of pain relating to his right inguinal hernia after it was surgically repaired." (Id. ¶ 8.) Dr. Moore stated that while Neurotin is "sometimes used off-label for the treatment of neuropathic pain, which does not result from hernia surgery," "[t]he objective

5

findings upon medical and nursing examinations of Plaintiff did not support the use of Neurotin." (Id.) Dr. Moore also stated that while "Baclofen is a muscle relaxer and is used to treat muscle spasms, which do not result from hernia surgery," "[t]he objective findings upon medical and nursing examinations of Plaintiff did not support the use of Baclofen." (Id.) Dr. Moore noted that Plaintiff "has a history of repeated overdoses, overdose attempts, malingering and non-compliance. The risks of prescribing Neurontin and Baclofen for him were significantly outweighed by any benefits." (Id.)

The undersigned recommends granting summary judgment to Defendants because there is no genuine issue of material fact regarding whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. Assuming that Plaintiff's complaints in the instant case are sufficiently serious, there is no evidence that Defendants had the sufficiently culpable state of mind to support a claim for deliberate indifference. Regarding Plaintiff's complaints about his foot, Defendants presented undisputed evidence that Plaintiff was placed on a bottom bunk, ordered to perform only sedentary work, provided tennis shoes (as opposed to standard-issue boots), and prescribed pain medications. (Moore Aff. ¶ 6.) Turning to Plaintiff's hernia, it was surgically repaired in a timely manner, and Plaintiff himself alleges he received medication for pain. Plaintiff had two follow-up surgery consultations, and examination (including an MRI) revealed no complications. (Id. ¶ 7.) While Plaintiff may have preferred receiving specific medications, Defendants' failure to provide Plaintiff with the specific drugs he requested does not constitute deliberate indifference. See Wright, 766 F.2d at 849 ("[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983); see also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his

choice."); DeBoer v. Luy, 70 Fed. App'x 880, 883 (7th Cir. 2003) ("DeBoer's argument is essentially a demand for a specific treatment-the treatment prescribed by UW-ENT. But the Eighth Amendment does not guarantee that an inmate receive specific treatment . . . ."). On the contrary, Dr. Moore indicated in his Affidavit that the risks of prescribing these two specifically requested drugs "were significantly outweighed by any benefits." (Id. ¶ 9.) "Questions of medical judgment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)); see also Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976) (a disagreement as to the proper treatment does not in and of itself state a constitutional violation).

In his Response in Opposition, Plaintiff's primary argument is that he is still in pain, and he refers to the exhibits he attached to his Amended Complaint. (See Dkt. No. 35; see also Dkt. No. 30-1.) Plaintiff again requests the two specific drugs referenced above and asks to go to Capital Prosthetics. (Dkt. No. 35 at 3 of 4.) The medical records attached to Plaintiff's Amended Complaint appear to indicate that while Dr. Moore disapproved shoes from Capital Prosthetics, he did approve sneakers from the Canteen. (Dkt. No. 30-1 at 1 of 8.) Indeed, in the very records Plaintiff attached to his Amended Complaint, a note dated February 15, 2011, indicates that size 9 extra-wide sneakers in white were given to Property Control along with an instruction for the inmate to pick such sneakers up. (Id.) Contrary to Plaintiff's arguments, the exhibits attached to his Amended Complaint do not reveal deliberate indifference. Furthermore, while it is regrettable that Plaintiff continues to complain of pain, such complaints do not indicate Defendants acted with deliberate indifference. See Odom v. S.C.D.C. Transp. FNU LNU, No. 3:06-3417-PMD-JRM, 2007 WL 3034889, at *4 (D.S.C. Oct. 15, 2007) ("Even viewing all assertions and inferences in the light most favorable to Plaintiff, the court cannot find any material issue of fact regarding Plaintiff's claim of deliberate indifference. The facts show that Plaintiff received medical care

for his back pain after the bus accident. That it was allegedly ineffective, while unfortunate, does not raise an issue of constitutional proportions."); see also Armour v. Herman, No. 1:05-cv-295-TLS, 2005 WL 2977761, at *3 (N.D. Ind. Nov. 4, 2005) (holding "[t]he Eighth Amendment does not require medical success . . . ."); Ramos v. Artuz, No. 00 Civ. 0149(LTS), 2003 WL 342347, at *9 (S.D.N.Y. Feb. 14, 2003) (indicating that an unsuccessful course of treatment does not support a finding of deliberate indifference).

To the extent Plaintiff contends that Defendants were negligent, it is well-settled that negligence is not actionable pursuant to 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Whitley v. Albers, 475 U.S. 312, 319 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct. . . . "); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

In sum, Defendants' Motion for Summary Judgment (Dkt. No. 32) should be granted because no reasonable jury could conclude that Defendants acted with the culpable state of mind required for deliberate indifference claims. Furthermore, to the extent that Plaintiff attempts to bring claims against Defendants pursuant to state law, the undersigned recommends such claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 32) be GRANTED. It is further RECOMMENDED that Plaintiff's claims pursuant to South Carolina state law be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

November 20, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).