IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Antrell Jermaine Fordham a/k/a Antell Fordham a/ka Antrell J. Fordham, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 2:12-974-MGL |
| vs. | ) ) ) | **ORDER AND OPINION** |
| Dr. Moore, Mrs. L. Mauney, and Mrs. E. Holcomb, individual and official capacities, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (ECF No. 42.) Antrell Jermaine Fordham, a/k/a Antell Fordham, a/ka Antrell J. Fordham ("Plaintiff"), a state prisoner, proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Dr. Moore, Mrs. L. Mauney and Mrs. E. Holcomb ("Defendants") violated his constitutional rights. (ECF No. 1.) Defendants filed a motion for summary judgment on August 3, 2012. (ECF No. 32.) The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment. (ECF No. 42.) For the reasons set forth below, the Court adopts the Magistrate Judge's Report and Recommendation and Defendants' motion for summary judgment is **GRANTED**.

**BACKGROUND**

The Report sets forth the relevant facts and standards of law on this matter and the Court incorporates them and summarizes them below in relevant part. Plaintiff is an inmate in the South

Carolina Department of Corrections and is currently housed at Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff filed this § 1983 action on April 5, 2012. (ECF No.1.) Plaintiff filed an amended complaint on August 2, 2012. (ECF No. 30.)

In his complaint Plaintiff contends *inter alia* that he has a severe foot deformity from a 1998 bullet wound that left a protruding lump on the left side of his foot. (ECF No. 1 at 3.) Plaintiff asserts that in 2010, Defendant Moore approved his getting shoes for his foot deformity. Plaintiff contends these shoes were stolen. Plaintiff further contends that he requested another pair of shoes from Defendant Mauney, but that Defendant Mauney failed to get approval from Defendant Moore for Plaintiff to be seen by a prosthetic doctor in order to get the shoes. (*Id.*) Plaintiff alleges that Defendant Mauney's failure to obtain approval from Defendant Moore evinced deliberate indifference to his serious medical needs. Plaintiff further alleges that Defendant Holcomb was also deliberately indifferent to his medical needs because she did not set up an appointment for Plaintiff to see Defendant Moore. (*Id.*)

In addition, Plaintiff contends. he suffers chronic pain and muscle spasms in his groin from surgery he had to repair his inguinal hernia. (*Id.*) Plaintiff alleges he would like "nuerotins better for the chronic pain and baxafen for the muscle spasms." (*Id.* at 4.) Plaintiff contends that Defendant Moore has not prescribed these medication. Thus, Plaintiff asserts that Defendant Moore was deliberately indifferent to Plaintiff's serious medical needs for failing to prescribe these medications.

On November 20, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion For Summary Judgment be granted because no reasonable jury could conclude that Defendants acted with the culpable state of mind required for deliberate

indifference claims. (ECF No. 42 at 8.) The Magistrate Judge also recommended the Court dismiss Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation the serious consequences if he failed to do so. Plaintiff filed timely objections on December 14, 2012. (ECF No. 50.)

## LEGAL STANDARD

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.A., § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report , this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not

3

be counted." *Id.* at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir.1996).

## **LAW/ANALYSIS**

While in custody, a prisoner has certain rights under the Fourteenth and Eighth Amendments, including the right to receive adequate medical care. *City of Revene v. Mass. Gen. Hosp.*, 463 U.S. 239, 246 (1983). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the eighth amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). To prevail on an Eighth Amendment claim, Plaintiff must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was one of "deliberate indifference" to the inmate's health and safety. *Id.* A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that risk. *Id.* at 847; *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir.2004). Mere negligence or malpractice does not rise to the level of a constitutional violation.

The Court has reviewed Plaintiff's complaint in light of these standards and in the manner most favorable to Plaintiff and finds there is no evidence in the record that Defendants were

deliberately indifferent to Plaintiff's serious medical needs. The record reveals that during Plaintiff's incarceration, Plaintiff received medical attention from the prison medical staff as well as from outside medical professionals for his medical problems. In response to Plaintiff's complaints concerning his foot pain, Plaintiff was given a bottom bunk, ordered sedentary work, provided with tennis shoes, and given pain medication. (ECF No. 32-2 ¶ 6)

As to Plaintiff's complaints about his hernia, the record reflects that it was surgically repaired and Plaintiff has received pain medication. (Id. ¶ 7.) Defendant Moore attests that Plaintiff had a "history of repeated overdoses, overdose attempts, malingering and non-compliance." (Id. ¶ 9.) Defendant Moore further attests that "the risks of prescribing Neurontin and Baclofen for him were significantly outweighed by any benefits." (Id.) Although, Plaintiff believes that Defendants should have provided different treatment for his medical conditions and provided him with different medications, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988); *see also Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir.2010) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.") (internal citation omitted). After reviewing the record, the Court finds that Plaintiff has failed to establish a genuine issue of material fact as to whether any of the Defendants were deliberately indifferent to Plaintiff's serious medical need. Further as explained fully in the Report and Recommendation, there is no evidence in the record that Defendants had a sufficiently culpable state of mind to support a claim of deliberate indifference.

Finally, to the extent Plaintiff asserts state law claims sounding in medical negligence or malpractice, summary judgment is appropriate because Plaintiff has not filed an affidavit of an

expert witness with his Complaint as required by South Carolina law. S.C. Code § 15–36–100(B).

## OBJECTIONS

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. The Court first reiterates that it may only consider non-conclusory objections to the Report and Recommendation that direct this Court to a specific error.  Here, Plaintiff's objections merely express his overall disagreement with the Magistrate Judge's conclusion that there was no genuine issue of fact regarding whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.  In Plaintiff's objections, he also expresses disagreement with the Magistrate Judge's conclusions with respect to the level of medical care that was provided to him.  Yet,  Plaintiff does not point to any facts or other evidence that would call into question the Magistrate Judge's legal conclusions.  Therefore, the Court finds no merit in Plaintiff's objections.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the Report, objections to the Report, and the applicable law.  For the reasons stated above and by the Magistrate Judge, Plaintiff's objections are overruled and the Magistrate Judge's Report is adopted and incorporated by reference in this Order.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED** and Plaintiff's claims pursuant to South Carolina state law are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  All other pending motions are deemed **MOOT**.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 28, 2012.